STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@gibsonlexbury.com
JODI DONETTA LOWRY, ESQ.
Nevada Bar No. 7798
jlowry@gibsonlexbury.com
THOMAS A. LARMORE, ESQ.
Nevada Bar No. 7415
tlarmore@gibsonlexbury.com

### Gibson Lexbury LLP

3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Telephone 702.541.7888
Facsimile 702.541.7899

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SAN FRANCISCO COMPREHENSIVE TOURS, LLC, a California limited liability company,<br><br>                 Plaintiff,<br><br>    v.<br><br>TRIPADVISOR, LLC, a Delaware limited liability company; VIATOR, INC., a Delaware corporation,<br><br>                 Defendants. | Case No.:   2:20-cv-2117<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

       Plaintiff San Francisco Comprehensive Tours, LLC ("Plaintiff"), by and through its

counsel, Gibson Lexbury LLP, complains as follows against Defendants Tripadvisor, LLC

("Tripadvisor") and Viator, Inc. ("Viator", Tripadvisor and Viator collectively, "Defendants"),

on information and belief, that the following are and have been true at all times relevant to this

lawsuit unless otherwise indicated specifically to the contrary:

### PARTIES

      1.     Plaintiff is a California limited liability company with its principal place of

business in San Francisco, California.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

2.      Tripadvisor is a Delaware limited liability company with its principal place of business in Needham, Massachusetts.

3.      Viator is a Delaware corporation with its principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over Plaintiff's First through Twenty-First Claims for Relief, inclusive (the "Federal Law Claims") pursuant to 15 U.S.C. § 1121(a), 15 U.S.C. § 4, and 28 U.S.C. § 1331, because the Federal Law Claims arise under the Sherman Act and the Lanham Act.

5.      This Court has supplemental jurisdiction over Plaintiff's Twenty-Second through Thirtieth Claims for Relief (the "State Law Claims") pursuant to 28 U.S.C. § 1338(b) and 1367 because the State Law Claims are so related to the Federal Law Claims as to form part of the same case or controversy as the Federal Law Claims pursuant to Article III of the United States Constitution.SFCT1

6.      This Court has personal jurisdiction over Defendants under 15 U.S.C. § 22, because Defendants transact business in the District of Nevada and are hereby the subject of a proceeding under the antitrust laws of the United States.

7.      Venue is appropriate in this judicial district under 15 U.S.C. § 22 because Defendants transact business in the District of Nevada and are hereby the subject of a proceeding under the antitrust laws of the United States.

## GENERAL ALLEGATIONS

8.      Tripadvisor was founded in 2002.

9.      Tripadvisor had revenue in excess of $1.2 billion in 2014.

10.     Tripadvisor had revenue in excess of $1.4 billion in 2015.

11.     Tripadvisor had revenue in excess of $1.4 billion in 2016.

12.     Tripadvisor had revenue in excess of $1.5 billion in 2017.

13.     Tripadvisor had revenue in excess of $1.6 billion in 2018.

14.     Tripadvisor had revenue in excess of $1.5 billion in 2019.

15. Tripadvisor had net income of approximately $236 million in 2014.

16. Tripadvisor had net income of approximately $198 million in 2015.

17. Tripadvisor had net income of approximately $120 million in 2016.

18. Tripadvisor had net income of approximately -$19 million in 2017.

19. Tripadvisor had net income of approximately $113 million in 2018.

20. Tripadvisor had net income of approximately $126 million in 2019.

21. Tripadvisor had total assets in excess of $1.9 billion in 2014.

22. Tripadvisor had total assets in excess of $2.1 billion in 2015.

23. Tripadvisor had total assets in excess of $2.2 billion in 2016.

24. Tripadvisor had total assets in excess of $2.2 billion in 2017.

25. Tripadvisor had total assets in excess of $2.1 billion in 2018.

26. Tripadvisor had total assets in excess of $1.9 billion in 2019.

27. Tripadvisor had total equity in excess of $1.1 billion in 2014.

28. Tripadvisor had total equity in excess of $1.4 billion in 2015.

29. Tripadvisor had total equity in excess of $1.5 billion in 2016.

30. Tripadvisor had total equity in excess of $1.3 billion in 2017.

31. Tripadvisor had total equity in excess of $1.4 billion in 2018.

32. Tripadvisor had total equity in excess of $1.1 billion in 2019.

33. Viator is a subsidiary of Tripadvisor.

34. A number of commercial actors (such actors, the "Service Providers") who engage in the business of offering guided tour services to customers via some means of transport, in whole or in part, including, but not limited to, automobiles, sport utility vehicles, vans, shuttles, limousines, trains, boats, and ferries (such tours, the "Guided Tour Services").

35. More than one Service Provider provides Guided Tour Services in the San Francisco metropolitan area (the market for Guided Tour Services within the San Francisco metropolitan area hereinafter the "Relevant San Francisco Market").

36. More than one Service Provider provides Guided Tour Services in the Napa Valley area (the market for Guided Tour Services within the Napa Valley area hereinafter the

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

3

"Relevant Napa Valley Market").

37.    More than one Service Provider provided Guided Tour Services in the New York City metropolitan area (the market for Guided Tour Services within the New York City metropolitan area hereinafter the "Relevant New York Market").

38.    Defendants were Service Providers in the Relevant San Francisco Market.

39.    Defendants were Service Providers in the Relevant Napa Valley Market.

40.    Defendants were Service Providers in the Relevant New York Market.

41.    Enabling and buttressing Tripadvisor's status as a Service Provider in the Relevant San Francisco Market, the Relevant Napa Valley Market, and the Relevant New York Market, Tripadvisor deploys a website (the "Tripadvisor Website") that is the world's largest in interfacing with Relevant San Francisco Market consumers, Relevant Napa Valley Market consumers, and Relevant New York Market consumers, and enhances Tripadvisor's ability to maintain and increase Tripadvisor's market power in each such respective market.

42.    The Tripadvisor Website was visited by 463 million average monthly unique visitors in 2019.

43.    Enabling and buttressing Tripadvisor's status as a Service Provider in the Relevant San Francisco Market, the Relevant Napa Valley Market, and the Relevant New York Market, Tripadvisor, along with Tripadvisor's subsidiaries and affiliates (the "Controlled Entities") own and operate other websites and businesses including, but not limited to, bokun.io, cruisecritic.com, flipkey.com, thefork.com (including lafourchette.com, eltendor.com, bookatable.co.uk and delinski.com), helloreco.com, holidaylettings.co.uk, housetrip.com, jetsetter.com, niumba.com, seatguru.com, singleplatform.com, vacationhomerentals.com and viator.com.

44.    While the Controlled Entities, including Viator, have separate management and are technically separate actors with which Tripadvisor conspires, the Controlled Entities are so dominated by Tripadvisor that the Controlled Entities are effectively "strawmen" for purposes of the internet.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

45.     Viator owns and operates a website that advertised the services of Service Providers, including Plaintiff, in the Relevant San Francisco Market (the "San Francisco Viator Website").

46.     Viator owns and operates a website that advertised the services of Service Providers, including Plaintiff, in the Relevant Napa Valley Market (the "Napa Valley Viator Website").

47.     Viator owns and operates a website that advertised the services of Service Providers, including Plaintiff, in the Relevant New York Market (the "New York Viator Website").

48.     Because Viator advertises Guided Tour Services in the Relevant San Francisco Market, the Relevant Napa Valley Market, and the Relevant New York Market, Viator is a Service Provider.

49.     Viator is, in fact, a separate entity, but Tripadvisor dominates and controls Viator for a variety of reasons that include, without limitation, to achieve a level of market power that is anti-competitive, through techniques that include, without limitation, publishing "phantom websites" through Viator in the Relevant San Francisco Market, the Relevant Napa Valley Market, and the Relevant New York Market in order to unscrupulously and stealthily multiply Tripadvisor's own internet presence.

50.     In 2004, Plaintiff became a Service Provider in the Relevant San Francisco Market.

51.     In 2004, Plaintiff began using the service mark SAN FRANCISCO COMPREHENSIVE SHUTTLE TOURS ("Plaintiff's San Francisco Service Mark") in association with providing Guided Tour Services.

52.     Plaintiff has developed, published, and used a variety of content important to the marketing, promotion, and sale of Plaintiff's San Francisco Guided Tour Services, such as visual displays, designs, website look and feel, sales material and other images and text, as well as the aggregation and orientation of same, that had been used in association with the provision of

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

5

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

Plaintiff's Guided Tour Services in San Francisco, and that also constitute trademarks, service marks, and copyrights, in part (such material "Plaintiff's San Francisco Commercial Property").

53.     Plaintiff's intangible assets include, without limitation, trade dress depicted on, without limitation, Plaintiff's own website with respect to the Guided Tour Services Plaintiff provided in San Francisco (such trade dress "Plaintiff's San Francisco Trade Dress").

54.     In 2007, Plaintiff became a Service Provider in the Relevant Napa Valley Market.

55.     In 2007, Plaintiff began using the service mark NAPA TOUR SHUTTLE ("Plaintiff's Napa Valley Service Mark") in association with providing Guided Tour Services.

56.     Plaintiff has developed, published, and used a variety of content important to the marketing, promotion, and sale of Plaintiff's Guided Tour Services, such as visual displays, designs, website look and feel, sales material and other images and text, as well as the aggregation and orientation of same, that had been used in association with the provision of Plaintiff's Guided Tour Services in Napa Valley, and that also constitute trademarks, service marks, and copyrights, in part (such material "Plaintiff's Napa Valley Commercial Property").

57.     Plaintiff's intangible assets include, without limitation, trade dress depicted on, without limitation, Plaintiff's own website with respect to the Guided Tour Services Plaintiff provided in Napa Valley (such trade dress "Plaintiff's Napa Valley Trade Dress").

58.     Between 2010 and 2019, Plaintiff was a Service Provider in the Relevant New York Market.

59.     Between 2010 and 2019, Plaintiff used the service mark NEW YORK SHUTTLE TOURS ("Plaintiff's New York Service Mark") in association with providing Guided Tour Services.

60.     Plaintiff has intangible assets of commercial value associated with Plaintiff's provision of Guided Tour Services in New York including, without limitation, trade dress depicted on, without limitation, Plaintiff's own website with respect to the Guided Tour Services Plaintiff provides in New York (such trade dress "Plaintiff's New York Trade Dress").

61.     One of the ways Tripadvisor markets in the Relevant San Francisco Market is through owning and operating aggregator websites which collect and display links to the websites of Service Providers in the Relevant San Francisco Market, including, without limitation, Plaintiff, on landing websites created by Tripadvisor (the "San Francisco Landing Websites").

62.     Tripadvisor effectuated the creation and display of the San Francisco Landing Websites in a manner that includes Plaintiff even though Plaintiff does not have a contractual relationship with Tripadvisor that permitted such activity by Tripadvisor.

63.     Tripadvisor used Plaintiff's San Francisco Service Mark on the San Francisco Landing Websites without license or authorization by Plaintiff.

64.     Tripadvisor used Plaintiff's San Francisco Trade Dress on the San Francisco Landing Websites without license or authorization by Plaintiff.

65.     Tripadvisor used Plaintiff's San Francisco Commercial Property on the San Francisco Landing Websites without license or authorization by Plaintiff.

66.     One of the ways Tripadvisor markets in the Relevant Napa Valley Market is through owning and operating aggregator websites which collect and display links to the websites of Service Providers in the Relevant Napa Valley Market, including, without limitation, Plaintiff, on landing websites created by Tripadvisor (the "Napa Valley Landing Websites").

67.     Tripadvisor effectuated the creation and display of the Napa Valley Landing Websites in a manner that included Plaintiff even though Plaintiff did not have any contractual relationship with Tripadvisor that permitted any such activity by Tripadvisor.

68.     Tripadvisor used Plaintiff's Napa Valley Service Mark on the Napa Valley Landing Websites without license or authorization by Plaintiff.

69.     Tripadvisor used Plaintiff's Napa Valley Trade Dress on the Napa Valley Landing Websites without license or authorization by Plaintiff.

70.     Tripadvisor used Plaintiff's Napa Valley Commercial Property on the Napa Valley Landing Websites without license or authorization by Plaintiff.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

71.     One of the ways Tripadvisor markets in the Relevant New York Market is through owning and operating aggregator websites which collected and displayed links to the websites of Service Providers in the Relevant New York Market, including, without limitation, Plaintiff, on landing websites created by Tripadvisor (the "New York Landing Websites").

72.     Tripadvisor effectuated the creation and display of the New York Landing Websites in a manner that includes Plaintiff even though Plaintiff did not have a contractual relationship with Tripadvisor that permitted any such activity by Tripadvisor.

73.     Tripadvisor used Plaintiff's New York Service Mark on the New York Landing Websites without license or authorization by Plaintiff.

74.     Tripadvisor used Plaintiff's New York Trade Dress on the New York Landing Websites without license or authorization by Plaintiff.

75.     The San Francisco Landing Websites and the San Francisco Viator Websites are deliberately optimized by Tripadvisor to appear on search engine websites such as, without limitation, Google, Bing, and Yahoo! (such websites collectively "Search Engine Websites") in search results in near proximity to each other and above a plurality of Service Providers' San Francisco websites within the Relevant San Francisco Market.

76.     The Napa Valley Landing Websites and the Napa Valley Viator Websites are deliberately optimized by Tripadvisor to appear on Search Engine Websites in search results in near proximity to each other and above a plurality of, Service Providers' Napa Valley websites within the Relevant Napa Valley Market.

77.     The New York Landing Websites and the New York Viator Websites are deliberately optimized by Tripadvisor to appear on Search Engine Websites in search results in near proximity to each other and above a plurality of Service Providers' New York websites within the Relevant New York Market.

78.     Tripadvisor systematically dominates the Relevant San Francisco Market, at least in part, by maintaining direct consumer contact through the San Francisco Landing Websites, through which Tripadvisor charges Service Providers—including Plaintiff—an exorbitant thirty percent (30%) commission (the "San Francisco Exorbitant Commission"), based on gross ticket

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

sales of the respective Service Provider's Guided Tour Services, in order for Tripadvisor to list those Service Providers on San Francisco Landing Websites, thereby giving consumers visiting the San Francisco Landing Websites the ability to purchase Guided Tour Services within the Relevant San Francisco Market through a purchase feature (the "San Francisco Purchase Feature").

79.  Tripadvisor's online functionality is designed in a manner to communicate to consumers of Guided Tour Services in the Relevant San Francisco Market that Tripadvisor is the end Service Provider providing those purchased Guided Tour Services.

80.  Tripadvisor is the effective provider to consumers of Guided Tour Services in the Relevant San Francisco Market.

81.  Tripadvisor systematically dominates the Relevant Napa Valley Market, at least in part, by maintaining direct consumer contact through the Napa Valley Landing Websites, through which Tripadvisor charges Service Providers—including Plaintiff—an exorbitant thirty percent (30%) commission (the "Napa Valley Exorbitant Commission"), based on gross ticket sales of the respective Service Provider's Guided Tour Services, in order for Tripadvisor to list those Service Providers on Napa Valley Landing Websites, thereby giving consumers visiting the Napa Valley Landing Websites the ability to purchase Guided Tour Services within the Relevant Napa Valley Market through a purchase feature (the "Napa Valley Purchase Feature").

82.  Tripadvisor's online functionality is designed in a manner to communicate to consumers of Guided Tour Services in the Relevant Napa Valley Market that Tripadvisor is the end Service Provider providing those purchased Guided Tour Services.

83.  Tripadvisor is the effective provider to consumers of Guided Tour Services in the Relevant Napa Valley Market.

84.  Tripadvisor systematically dominates the Relevant New York Market, at least in part, by maintaining direct consumer contact through the New York Landing Websites, through which Tripadvisor charged Service Providers—including Plaintiff—an exorbitant thirty percent (30%) commission (the "New York Exorbitant Commission"), based on gross ticket sales of the respective Service Provider's Guided Tour Services, in order for Tripadvisor to list those Service

Providers on New York Landing Websites, thereby giving consumers visiting the New York Landing Websites the ability to purchase Guided Tour Services within the Relevant New York Market through a purchase feature (the "New York Purchase Feature").

85.     Tripadvisor's online functionality was designed in a manner to communicate to reasonable consumers of Guided Tour Services in the Relevant New York Market that Tripadvisor or Viator was the end Service Provider providing those purchased Guided Tour Services.

86.     Tripadvisor was the effective provider to consumers of Guided Tour Services in the Relevant New York Market.

87.     At times when a Service Provider does not pay the San Francisco Exorbitant Commission, Tripadvisor publishes a statement, as a feature of the San Francisco Landing Websites, that such Service Provider's Guided Tour Services are "unavailable", leading a reasonable consumer to believe such services are generally unavailable.

88.     At times when Plaintiff does not pay the Napa Valley Exorbitant Commission, Tripadvisor published a statement, as a feature of the Napa Valley Landing Websites, that Plaintiff's Guided Tour Services were "unavailable" to be purchased through the Napa Valley Landing Websites, leading a reasonable consumer to believe such services were generally unavailable.

89.     At times when a Service Provider does not pay the New York Exorbitant Commission, Tripadvisor publishes a statement, as a feature of the New York Landing Websites, that such Service Provider's Guided Tour Services are "unavailable," leading a reasonable consumer to believe such services are generally unavailable.

90.     Plaintiff felt forced as a desperate measure and on a coerced basis to enter into contracts with Tripadvisor as a last-ditch effort to avoid going out of business, which proved ultimately unsuccessful, as Tripadvisor's anticompetitive conduct and payment of the San Francisco Exorbitant Commission, the Napa Valley Exorbitant Commission, and the New York Exorbitant Commission did not afford Plaintiff the ability to remain in business at even a marginally successful level.

10

91.     Tripadvisor alone has had market share in the Relevant San Francisco Market significantly larger than 55%.

92.     Tripadvisor, through Tripadvisor's dominance of Viator, has had market share in the Relevant San Francisco Market even greater than the market share of Tripadvisor alone.

93.     Tripadvisor alone has had market share in the Relevant Napa Valley Market significantly larger than 55%.

94.     Tripadvisor, through Tripadvisor's dominance of Viator, has had market share in the Relevant Napa Valley Market even greater than the market share of Tripadvisor alone.

95.     Tripadvisor alone has had market share in the Relevant New York Market significantly larger than 55%.

96.     Tripadvisor, through Tripadvisor's dominance of Viator, has had market share in the Relevant New York Market even greater than the market share of Tripadvisor alone.

97.     On each San Francisco Landing Website, Tripadvisor has used, without authorization or license, respective Service Providers' service marks.

98.     More specifically, on the San Francisco Landing Websites, Tripadvisor has used, without authorization or license, Plaintiff's San Francisco Service Mark.

99.     On each Napa Valley Landing Website, Tripadvisor has used, without authorization or license, respective Service Providers' service marks.

100.    More specifically, on the Napa Valley Landing Websites, Tripadvisor has used, without authorization or license, Plaintiff's Napa Valley Service Mark.

101.    On each New York Landing Website, Tripadvisor has used, without authorization or license, respective Service Providers' service marks.

102.    More specifically, on the New York Landing Websites, Tripadvisor has used, without authorization or license, Plaintiff's New York Service Mark.

103.    On each San Francisco Landing Website, Tripadvisor has used, without authorization or license, respective Service Providers' trade dress.

104.    More specifically, on the San Francisco Landing Websites, Tripadvisor has used, without authorization or license, Plaintiff's San Francisco Trade Dress.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

105.    On each Napa Valley Landing Website, Tripadvisor has used, without authorization or license, respective Service Providers' trade dress.

106.    More specifically, on the Napa Valley Landing Websites, Tripadvisor has used, without authorization or license, Plaintiff's Napa Valley Trade Dress.

107.    On each New York Landing Website, Tripadvisor has used, without authorization or license, respective Service Providers' trade dress.

108.    More specifically, on the New York Landing Websites, Tripadvisor has used, without authorization or license, Plaintiff's New York Trade Dress.

109.    On each San Francisco Landing Website, Tripadvisor has used, without authorization or license, respective Service Providers' licensable commercial properties.

110.    More specifically, on the San Francisco Landing Websites, Tripadvisor has used, without authorization or license, Plaintiff's San Francisco Commercial Property.

111.    On each Napa Valley Landing Website, Tripadvisor has used, without authorization or license, respective Service Providers' licensable commercial properties.

112.    More specifically, on the Napa Valley Landing Websites, Tripadvisor has used, without authorization or license, Plaintiff's Napa Valley Commercial Property.

113.    On each New York Landing Website, Tripadvisor has used, without authorization or license, respective Service Providers' licensable commercial properties.

114.    More specifically, on the New York Landing Websites, Tripadvisor has used, without authorization or license, Plaintiff's New York Commercial Property.

115.    On each San Francisco Landing Website, Tripadvisor's web functionality is designed to effectuate publication of customer reviews—including unverified and false customer reviews—about each other respective Service Provider (the "San Francisco Customer Reviews").

116.    More specifically, on the San Francisco Landing Websites, Tripadvisor published San Francisco Customer Reviews concerning Plaintiff, including unverified and false customer reviews.

117.    Tripadvisor does not effectuate the publication of unverified or false San Francisco Customer Reviews concerning Tripadvisor itself.

12

118.     On each Napa Valley Landing Website, Tripadvisor's web functionality is designed to effectuate publication of customer reviews—including unverified and false customer reviews—about each other respective Service Provider (the "Napa Valley Customer Reviews").

119.     More specifically, on the Napa Valley Landing Websites, Tripadvisor published Napa Valley Customer Reviews concerning Plaintiff, including unverified and false customer reviews.

120.     Tripadvisor does not efffectuate the publication of unverified or false Napa Valley Customer Reviews concerning Tripadvisor itself.

121.     On each New York Landing Website, Tripadvisor's web functionality is designed to effectuate publication of customer reviews—including unverified and false customer reviews—about each other respective Service Provider (the "New York Customer Reviews").

122.     More specifically, on the New York Landing Websites, Tripadvisor published New York Customer Reviews concerning Plaintiff, including unverified and false customer reviews.

123.     Tripadvisor does not effectuate the publication of unverified or false New York Customer Reviews concerning Tripadvisor itself.

124.     Double-serving is a search engine optimization ("SEO") methodology whereby a business entity and a "strawman" subsidiary or otherwise related business entity both submit bids to a pay-per-click ("PPC") keyword auction ("Keyword Auction") for a particular search word and/or search term on a Search Engine Website to defeat the viewability of links to competitors' websites (such practice, "Double-Serving").

125.     Double-Serving is bad-faith, or "black-hat", SEO for PPC Keyword Auctions because Double-Serving violates the terms and conditions of most Search Engine Websites.

126.     Double-Serving is also "black-hat" SEO for PPC Keyword Auctions because a Double-Serving business thereby may obtain more information regarding competitors' Keyword Auction bids than such entity would obtain if such business was acting in good faith, *i.e.* not engaging in Double-Serving.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

127.    Through Tripadvisor's dominance and control of "strawman" Viator and through Double-Serving, Tripadvisor creates a situation whereby the probability is significantly increased that the links to the San Francisco Landing Website and the San Francisco Viator Website will appear in the first and second position of a potential customer's keyword-based search on a Search Engine Website (a "Keyword-Based Search") when a potential customer is using a particular Service Provider's San Francisco service mark as a keyword.

128.    More specifically, Tripadvisor, through Tripadvisor's dominance and control of "strawman" Viator and through Double-Serving, creates a situation whereby the probability is significantly increased that the links to the Napa Valley Landing Website For Plaintiff and the Napa Valley Viator Website For Plaintiff will appear in the first and second position of a Keyword-Based Search when a potential customer is using Plaintiff's Napa Valley Service Mark as a keyword.

129.    Tripadvisor, through Tripadvisor's dominance and control of "strawman" Viator and through Double-Serving, created a situation whereby the probability is significantly increased that the links to the New York Landing Website and the New York Viator Website would appear in the first and second position of a Keyword-Based Search when a potential customer was using a particular Service Provider's New York service mark as a keyword.

130.    More specifically, Tripadvisor, through Tripadvisor's dominance and control of "strawman" Viator and through Double-Serving, created a situation whereby the probability is significantly increased that the links to the New York Landing Website For Plaintiff and the New York Viator Website For Plaintiff would appear in the first and second position of a potential customer's Keyword-Based Search when a potential customer was using Plaintiff's Napa Valley Service Mark as a keyword.

131.    Tripadvisor, through Tripadvisor's dominance and control of "strawman" Viator and through Double-Serving, forces the links to other Service Providers' websites regarding those Service Providers' San Francisco services to lower positions on Search Engine Websites, where it is significantly less likely a potential customer will click on non-Tripadvisor lidnks, and

14

where each respective Service Provider's PPC costs are thereby significantly increased pursuant to the Search Engine Websites' terms and conditions.

132.    More specifically, Tripadvisor, through Tripadvisor's dominance and control of "strawman" Viator and through Double-Serving, forces links to Plaintiff's own website regarding Plaintiff's San Francisco services to lower positions on Search Engine Websites, where it was significantly less likely a potential customer would click such links.

133.    As a result of Tripadvisor's Double-Serving, Plaintiff's PPC costs with respect to Plaintiff's San Francisco operations are significantly increased, pursuant to Search Engine Websites' terms and conditions.

134.    Tripadvisor, through Tripadvisor's dominance and control of "strawman" Viator and through Double-Serving, forces the links to other Service Providers' websites regarding those Service Providers' Napa Valley services to lower positions on Search Engine Websites, where it is significantly less likely a potential customer will click on non-Tripadvisor links, and where each respective Service Provider's PPC costs are thereby significantly increased pursuant to the Search Engine Websites' terms and conditions.

135.    More specifically, Tripadvisor, through Tripadvisor's dominance and control of "strawman" Viator and through Double-Serving, forces links to Plaintiff's own website regarding Plaintiff's Napa Valley services to lower positions on Search Engine Websites, where it was significantly less likely a potential customer would click such links.

136.    As a result of Tripadvisor's Double-Serving, Plaintiff's PPC costs with respect to Plaintiff's Napa Valley operations are significantly increased, pursuant to Search Engine Websites' terms and conditions.

137.    Tripadvisor, through Tripadvisor's dominance and control of "strawman" Viator and through Double-Serving, forces the links to other Service Providers' websites regarding those Service Providers' New York services to lower positions on Search Engine Websites, where it is significantly less likely a potential customer will click on non-Tripadvisor links, and where each respective Service Provider's PPC costs are thereby significantly increased pursuant to the Search Engine Websites' terms and conditions.

Gibson Lexburg LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

138.    More specifically, Tripadvisor, through Tripadvisor's dominance and control of "strawman" Viator and through Double-Serving, forced links to Plaintiff's own website regarding Plaintiff's New York services to lower positions on Search Engine Websites, where it was significantly less likely a potential customer would click such links.

139.    As a result of Tripadvisor's Double-Serving, Plaintiff's PPC costs with respect to Plaintiff's New York operations were significantly increased, pursuant to Search Engine Websites' terms and conditions.

140.    Tripadvisor, through Tripadvisor's dominance and control of "strawman" Viator and through Double-Serving, obtains twice as much information regarding other Service Providers' bids in any Keyword Auction in which both Tripadvisor and Viator participate, which allows Defendants to submit bids to the Keyword Auctions that significantly increase other Service Providers' PPC costs following a Keyword-Based Search on a Search Engine Website.

141.    More specifically, Tripadvisor, through Tripadvisor's dominance and control of "strawman" Viator and through Double-Serving, obtain twice as much information regarding Plaintiff's bids in Keyword Auctions, which allows Defendants to submit bids to Keyword Auctions that significantly increase Plaintiff's PPC costs following a Keyword-Based Search on a Search Engine Website.

142.    Tripadvisor advertises, through the San Francisco Landing Websites, Service Providers who operate in the Relevant San Francisco Market without registration through the California Public Utilities Commission or other appropriate state and local permits and licenses.

143.    Viator advertises, through the San Francisco Viator Websites, Service Providers who operate in the Relevant San Francisco Market without registration through the California Public Utilities Commission or other appropriate state and local permits and licenses.

144.    Tripadvisor advertises, through the Napa Valley Landing Websites, Service Providers who operate in the Relevant Napa Valley Market without registration through the California Public Utilities Commission or other appropriate state and local permits and licenses.

145.     Viator advertises, through the Napa Valley Viator Websites, Service Providers who operate in the Relevant Napa Valley Market without registration through the California Public Utilities Commission or other appropriate state and local permits and licenses.

146.     Tripadvisor advertises, through the New York Landing Websites, Service Providers who operated in the Relevant New York Market without licensing through the New York City Taxi and Limousine Commission or other appropriate state and local permits and licenses.

147.     Viator advertises, through the New York Viator Websites, Service Providers who operated in the Relevant New York Market without licensing through the New York City Taxi and Limousine Commission and/or without appropriate state and local permits and licenses.

148.     Defendants have held Defendants' dominant market share in the Relevant San Francisco Market for more than ten years and have implemented the anticompetitive practices described herein to maintain Defendants' market share.

149.     Defendants have held Defendants' dominant market share in the Relevant Napa Valley Market for more than ten years and have implemented the anticompetitive practices described herein to maintain Defendants' market share.

150.     Defendants held Defendants' dominant market share in the Relevant New York Market for more than ten years and implemented the anticompetitive practices described herein to maintain Defendants' market share.

**FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF 15 U.S.C. § 2 – SHERMAN ACT (ATTEMPT TO MONOPOLIZE) – SAN FRANCISCO**

**(AGAINST BOTH DEFENDANTS)**

151.     Plaintiff realleges and incorporates by reference every allegation set forth above.

152.     Plaintiff was a participant in the Relevant San Francisco Market.

153.     Defendants are participants in the Relevant San Francisco Market.

154.     Plaintiff was a competitor of Defendants in the Relevant San Francisco Market.

155.     Defendants have a specific intent to control prices or destroy competition in the

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

Relevant San Francisco Market.

156.   Defendants' predatory and anti-competitive conduct in the Relevant San Francisco Market, includes, but is not limited to:

a.   Double-Serving, which is intended by Tripadvisor through its use of "strawman" Viator, to lessen or destroy the competition in the Relevant San Francisco Market by decreasing access to the top two positions on Search Engine Websites and increasing competing Service Providers'—including, without limitation, Plaintiff's—PPC costs;

b.   The charging of the San Francisco Exorbitant Commission to competing Service Providers—including, without limitation, Plaintiff—which is intended by Defendants to lessen or destroy the competition in the Relevant San Francisco Market by forcing competing Service Providers—including, without limitation, Plaintiff—into an unprofitable position or out of business entirely;

c.   The unauthorized use of Service Providers' San Francisco service marks—including, without limitation, Plaintiff's San Francisco Service Mark—which is intended by Defendants to harm or destroy the competition in the Relevant San Francisco Market by confusing potential customers of the Service Providers—including, without limitation, the potential customers of Plaintiff—with respect to the source of the San Francisco Landing Websites;

d.   The design of the San Francisco Landing Websites is in a manner to highlight the inclusion of fraudulent and unverified customer reviews of competing Service Providers—including, without limitation, Plaintiff—which is intended by Defendants to lessen or destroy the competition in the Relevant San Francisco Market by harming the business reputation of competing Service Providers, including, without limitation, Plaintiff;

e.   The unauthorized use of competing Service Providers' San Francisco-related licensable commercial properties—including, without limitation, Plaintiff's San Francisco Commercial Property—which is intended by Defendants to harm or

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

destroy the competition in the Relevant San Francisco Market by confusing potential customers of the Service Providers—including, without limitation, the potential customers of Plaintiff—with respect to the source of the San Francisco Landing Websites;

f.   The unauthorized use of competing Service Providers' San Francisco trade dress—including, without limitation, Plaintiff's San Francisco Trade Dress—which is intended by Defendants to harm or destroy the competition in the Relevant San Francisco Market by confusing potential customers of the Service Providers—including, without limitation, the potential customers of Plaintiff—with respect to the source of the San Francisco Landing Websites;

g.   Tripadvisor's advertisement, through the San Francisco Landing Websites, of Service Providers who operate in the Relevant San Francisco Market without registration through the California Public Utilities Commission and/or without appropriate state and local permits and licenses; and

h.   Viator's advertisement, through the San Francisco Viator Websites, Service Providers who operate without registration through the California Public Utilities Commission and/or without appropriate state and local permits and licenses.

157.   There is a dangerous probability that Defendants will achieve monopoly power in the Relevant San Francisco Market.

158.   Plaintiff's harm is caused by Defendants' predatory and anti-competitive conduct and is, and at all relevant times was, of the type of harm that the antitrust statutes were intended to protect against.

159.   Plaintiff, pursuant to 15 U.S.C. § 15, is entitled to threefold damages sustained, and the costs of suit, including reasonable attorney's fees.

**SECOND CLAIM FOR RELIEF**

**VIOLATIONS OF 15 U.S.C. § 2 – SHERMAN ACT (ATTEMPT TO MONOPOLIZE) –**

**NAPA VALLEY**

**(AGAINST BOTH DEFENDANTS)**

160.    Plaintiff realleges and incorporates by reference every allegation set forth above.

161.    Plaintiff was a participant in the Relevant Napa Valley Market.

162.    Defendants are participants in the Relevant Napa Valley Market.

163.    Plaintiff was  a competitor of Defendants in the Relevant Napa Valley Market.

164.    Defendants have a specific intent to control prices or destroy competition in the Relevant Napa Valley Market.

165.    Defendants' predatory and anti-competitive conduct in the Relevant Napa Valley Market, includes, but is not limited to:

a.   Double-Serving, which is intended by Tripadvisor through its use of "strawman" Viator, to lessen or destroy the competition in the Relevant Napa Valley Market by decreasing access to the top two positions on Search Engine Websites and increasing competing Service Providers'—including, without limitation, Plaintiff's—PPC costs;

b.   The charging of the Napa Valley Exorbitant Commission to competing Service Providers—including, without limitation, Plaintiff—which has been intended by Defendants to lessen or destroy the competition in the Relevant Napa Valley Market by forcing competing Service Providers—including, without limitation, Plaintiff—into an unprofitable position or out of business entirely;

c.   The unauthorized use of Service Providers' Napa Valley service marks—including, without limitation, Plaintiff's Napa Valley Service Mark—which is intended by Defendants to harm or destroy the competition in the Relevant Napa Valley Market by confusing potential customers of the Service Providers—including, without limitation, the potential customers of Plaintiff—with respect to the source of the Napa Valley Landing Websites;

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

d.   The design of the Napa Valley Landing Websites is in a manner to highlight the inclusion of fraudulent and unverified customer reviews of competing Service Providers—including, without limitation, Plaintiff—which is intended by Defendants to lessen or destroy the competition in the Relevant Napa Valley Market by harming the business reputation of competing Service Providers, including, without limitation, Plaintiff;

e.   The unauthorized use of competing Service Providers' Napa Valley licensable commercial properties—including, without limitation, Plaintiff's Napa Valley Commercial Property—which is intended by Defendants to harm or destroy the competition in the Relevant Napa Valley Market by confusing potential customers of the Service Providers—including, without limitation, the potential customers of Plaintiff—with respect to the source of the Napa Valley Landing Websites;

f.   The unauthorized use of competing Service Providers' Napa Valley trade dress— including, without limitation, Plaintiff's Napa Valley Trade Dress—which is intended by Defendants to harm or destroy the competition in the Relevant Napa Valley Market by confusing potential customers of the Service Providers— including, without limitation, the potential customers of Plaintiff—with respect to the source of the Napa Valley Landing Websites;

g.   Tripadvisor's advertisement, through the Napa Valley Landing Websites— including, but not limited to, the Napa Valley Landing Website For Plaintiff—of Service Providers who operate in the Relevant Napa Valley Market without registration through the California Public Utilities Commission and/or without appropriate state and local permits and licenses; and

h.   Viator's advertisement, through the Napa Valley Viator Websites—including, but not limited to, the Napa Valley Viator Website For Plaintiff—Service Providers who operate without registration through the California Public Utilities Commission and/or without appropriate state and local permits and licenses.

166.   There is a dangerous probability that Defendants will achieve monopoly power in

1   the Relevant Napa Valley Market.

2          167.   Plaintiff's harm is caused by Defendants' predatory and anti-competitive conduct

3   and is of the type of harm that the antitrust statutes were intended to protect against.

4          168.   Plaintiff, pursuant to 15 U.S.C. § 15, is entitled to threefold damages sustained,

5   and the costs of suit, including reasonable attorney's fees.

6                              **THIRD CLAIM FOR RELIEF**

7   **VIOLATIONS OF 15 U.S.C. § 2 – SHERMAN ACT (ATTEMPT TO MONOPOLIZE) –**

8                                    **NEW YORK**

9                            **(AGAINST BOTH DEFENDANTS)**

10         169.   Plaintiff realleges and incorporates by reference every allegation set forth above.

11         170.   Plaintiff was a participant in the Relevant New York Market.

12         171.   Defendants are participants in the Relevant New York Market.

13         172.   Plaintiff was a competitor of Defendants in the Relevant New York Market.

14         173.   Defendants have a specific intent to control prices or destroy competition in the

15  Relevant New York Market.

16         174.   Defendants' predatory and anti-competitive conduct in the Relevant New York

17  Market, included, but was not limited to:

18                a.   Double-Serving, which is intended by Tripadvisor through its use of "strawman"

19                     Viator, to lessen or destroy the competition in the Relevant New York Market by

20                     decreasing access to the top two positions on Search Engine Websites and

21                     increasing competing Service Providers'—including, without limitation,

22                     Plaintiff's—PPC costs;

23                b.   The charging of the New York Exorbitant Commission to competing Service

24                     Providers—including, without limitation, Plaintiff—which is intended by

25                     Defendants to lessen or destroy the competition in the Relevant New York Market

26                     by forcing competing Service Providers—including, without limitation,

27                     Plaintiff—into an unprofitable position or out of business entirely;

28

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

c. The unauthorized use of Service Providers' New York service marks—including, without limitation, Plaintiff's New York Service Mark—which is intended by Defendants to harm or destroy the competition in the Relevant New York Market by confusing potential customers of the Service Providers—including, without limitation, the potential customers of Plaintiff—with respect to the source of the New York Landing Websites;

d. The design of the New York Landing Websites is in a manner to highlight the inclusion of fraudulent and unverified customer reviews of competing Service Providers—including, without limitation, Plaintiff—which is intended by Defendants to lessen or destroy the competition in the Relevant New York Market by harming the business reputation of competing Service Providers, including, without limitation, Plaintiff;

e. The unauthorized use of competing Service Providers' New York trade dress—including, without limitation, Plaintiff's New York Trade Dress—which is intended by Defendants to harm or destroy the competition in the Relevant New York Market by confusing potential customers of the Service Providers—including, without limitation, the potential customers of Plaintiff—with respect to the source of the New York Landing Websites;

f. Tripadvisor's advertisement, through the New York Landing Websites—including, but not limited to, the New York Landing Website For Plaintiff—of Service Providers who operate in the Relevant New York Market without registration through the New York Taxi and Limousine Commission and/or without appropriate state and local permits and licenses; and

g. Viator's advertisement, through the New York Viator Websites—including, but not limited to, the New York Viator Website For Plaintiff—Service Providers who operate without registration through the New York Taxi and Limousine Commission and/or without appropriate state and local permits and licenses.

175. There is a dangerous probability that Defendants would achieve monopoly power

23

in the Relevant New York Market.

176.    Plaintiff's harm was caused by Defendants' predatory and anti-competitive conduct and was, at all relevant times, of the type of harm that the antitrust statutes were intended to protect against.

177.    Plaintiff, pursuant to 15 U.S.C. § 15, is entitled to threefold damages sustained, and the costs of suit, including reasonable attorney's fees.

**FOURTH CLAIM FOR RELIEF**

**VIOLATIONS OF 15 U.S.C. § 2 – SHERMAN ACT (MONOPOLY) – SAN FRANCISCO (AGAINST BOTH DEFENDANTS)**

178.    Plaintiff realleges and incorporates by reference every allegation set forth above.

179.    Defendants have, in part through the charging of competing Service Providers—including, without limitation, Plaintiff—the San Francisco Exorbitant Commission to appear on the San Francisco Landing Websites, gained monopoly power in the Relevant San Francisco Market.

180.    Defendants have, in part through the charging of Service Providers—including, without limitation, Plaintiff—the San Francisco Exorbitant Commission to appear on the San Francisco Landing Websites, willfully acquired or maintained monopoly power in the Relevant San Francisco Market as distinguished from growth or development as a consequence of a superior service, business accident, or historic accident.

181.    Defendants have, in part through the charging of Service Providers—including, without limitation, Plaintiff—the San Francisco Exorbitant Commission to appear on the San Francisco Landing Website, the power to control prices or exclude competition in the Relevant San Francisco Market.

182.    Defendants use Defendants' market power to bar a substantial number of Service Providers from the Relevant San Francisco Market, including, without limitation, Plaintiff, or at a minimum to severely restrict the Relevant San Francisco Market's ambit.

183.    Defendants' actions are designed to prevent one or more Service Providers—including, without limitation, Plaintiff—from gaining a foothold in the Relevant San Francisco

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

Market by exclusionary and predatory conduct, and Defendants' success in that goal is, and at all relevant times was, not only injurious to the Service Providers—including, without limitation, Plaintiff—but also to competition in general.

184.   Plaintiff's harm is caused by Defendants' predatory and anti-competitive conduct and is of the type of harm that the antitrust statutes were intended to protect against.

185.   Plaintiff, pursuant to 15 U.S.C. § 15, is entitled to threefold damages sustained, and the costs of suit, including reasonable attorney's fees.

## FIFTH CLAIM FOR RELIEF

## VIOLATIONS OF 15 U.S.C. § 2 – SHERMAN ACT (MONOPOLY) – NAPA VALLEY (AGAINST BOTH DEFENDANTS)

186.   Plaintiff realleges and incorporates by reference every allegation set forth above.

187.   Defendants have, in part through the charging of Service Providers—including, without limitation, Plaintiff—the Napa Valley Exorbitant Commission to appear on the Napa Valley Landing Websites, gained monopoly power in the Relevant Napa Valley Market.

188.   Defendants have, in part through the charging of Service Providers—including, without limitation, Plaintiff—the Napa Valley Exorbitant Commission to appear on the Napa Valley Landing Websites, willfully acquired or maintained monopoly power in the Relevant Napa Valley Market as distinguished from growth or development as a consequence of a superior service, business accident, or historic accident.

189.   Defendants have, in part through the charging of Service Providers—including, without limitation, Plaintiff—the Napa Valley Exorbitant Commission to appear on the Napa Valley Landing Websites, the power to control prices or exclude competition in the Relevant Napa Valley Market.

190.   Defendants use Defendants' market power to bar a substantial number of Service Providers from the Relevant Napa Valley Market, including, without limitation, Plaintiff, or at a minimum to severely restrict the Relevant Napa Valley Market's ambit.

191.   Defendants' actions are designed to prevent one or more Service Providers—including, without limitation, Plaintiff—from gaining a foothold in the Relevant Napa Valley

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

Market by exclusionary and predatory conduct and Defendants' success in that goal is, and at all relevant times was, not only injurious to the Service Providers—including, without limitation, Plaintiff—but also to competition in general.

192.    Plaintiff's harm is caused by Defendants' predatory and anti-competitive conduct and is of the type of harm that the antitrust statutes were intended to protect against.

193.    Plaintiff, pursuant to 15 U.S.C. § 15, is entitled to threefold damages sustained, and the costs of suit, including reasonable attorney's fees.

<u>**SIXTH CLAIM FOR RELIEF**</u>

<u>**VIOLATIONS OF 15 U.S.C. § 2 – SHERMAN ACT (MONOPOLY) – NEW YORK**</u>

<u>**(AGAINST BOTH DEFENDANTS)**</u>

194.    Plaintiff realleges and incorporates by reference every allegation set forth above.

195.    Defendants have, in part through the charging of Service Providers—including, without limitation, Plaintiff—the New York Exorbitant Commission to appear on the New York Landing Websites, gained monopoly power in the Relevant New York Market.

196.    Defendants have, in part through the charging of Service Providers—including, without limitation, Plaintiff—the New York Exorbitant Commission to appear on the New York Landing Site, willfully acquired or maintained monopoly power in the Relevant New York Market as distinguished from growth or development as a consequence of a superior service, business accident, or historic accident.

197.    Defendants have, in part through the charging of Service Providers—including, without limitation, Plaintiff—the New York Exorbitant Commission to appear on the San Francisco Landing Site, the power to control prices or exclude competition in the Relevant New York Market.

198.    Defendants used Defendants' market power to bar a substantial number of Service Providers from the Relevant New York Market, including, without limitation, Plaintiff, or at a minimum to severely restrict the Relevant New York Market's ambit.

199.    Defendants' actions were designed to prevent one or more Service Providers—including, without limitation, Plaintiff—from gaining a foothold in the Relevant New York

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

26

Market by exclusionary and predatory conduct and Defendants' success in that goal was, at all relevant times, not only injurious to the Service Providers—including, without limitation, Plaintiff—but also to competition in general.

200.    Plaintiff's harm was caused by Defendants' predatory and anti-competitive conduct and was, at all relevant times, of the type of harm that the antitrust statutes were intended to protect against.

201.    Plaintiff, pursuant to 15 U.S.C. § 15, is entitled to threefold damages sustained, and the costs of suit, including reasonable attorney's fees.

## SEVENTH CLAIM FOR RELIEF

## VIOLATIONS OF 15 U.S.C. § 1 – SHERMAN ACT (CONSPIRACY IN RESTRAINT OF TRADE) – SAN FRANCISCO

## (AGAINST BOTH DEFENDANTS)

202.    Plaintiff realleges and incorporates by reference every allegation set forth above.

203.    Tripadvisor and Viator carry out a joint undertaking with an unlawful purpose arising out of an agreement to restrain trade or commerce among the several states or with foreign nations regarding the Relevant San Francisco Market, to wit: Double-Serving, which is intended by Defendants to lessen or destroy the competition in the Relevant San Francisco Market by decreasing access to the top two positions on Search Engine Websites and by increasing the PPC of competing Service Providers, including, without limitation, Plaintiff.

204.    Plaintiff has suffered damages, measured by, at least, the difference between what Plaintiff would have earned as a Service Provider in the Relevant San Francisco Market at reasonable prices, and Plaintiff's earnings, because there was a conspiracy between Tripadvisor and Viator to restrain trade carried out through Double-Serving.

205.    Plaintiff, pursuant to 15 U.S.C. § 15, is entitled to threefold damages sustained, and the costs of suit, including reasonable attorney's fees.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

**EIGHTH CLAIM FOR RELIEF**

**VIOLATIONS OF 15 U.S.C. § 1 – SHERMAN ACT (CONSPIRACY IN RESTRAINT OF TRADE) – NAPA VALLEY**

**(AGAINST BOTH DEFENDANTS)**

206.     Plaintiff realleges and incorporates by reference every allegation set forth above.

207.     Tripadvisor and Viator carry out a joint undertaking with an unlawful purpose arising out of an agreement to restrain trade or commerce among the several states or with foreign nations regarding the Relevant Napa Valley Market, to wit: Double-Serving, which is intended by Defendants to lessen or destroy the competition in the Relevant Napa Valley Market by decreasing access to the top two positions on Search Engine Websites and by increasing the PPC of competing Service Providers, including, without limitation, Plaintiff.

208.     Plaintiff has suffered damages, measured by, at least, the difference between what Plaintiff would have earned as a Service Provider in the Relevant Napa Valley Market at reasonable prices, and Plaintiff's earnings, because there was a conspiracy between Tripadvisor and Viator to restrain trade carried out through Double-Serving.

209.     Plaintiff, pursuant to 15 U.S.C. § 15, is entitled to threefold damages sustained, and the costs of suit, including reasonable attorney's fees.

**NINTH CLAIM FOR RELIEF**

**VIOLATIONS OF 15 U.S.C. § 1 – SHERMAN ACT (CONSPIRACY IN RESTRAINT OF TRADE) – NEW YORK**

**(AGAINST BOTH DEFENDANTS)**

210.     Plaintiff realleges and incorporates by reference every allegation set forth above.

211.     Tripadvisor and Viator carry out a joint undertaking with an unlawful purpose arising out of an agreement to restrain trade or commerce among the several states or with foreign nations regarding the Relevant New York Market, to wit: Double-Serving, which is intended by Defendants to lessen or destroy the competition in the Relevant New York Market by decreasing access to the top two positions on Search Engine Websites and by increasing the PPC of competing Service Providers, including, without limitation, Plaintiff.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

212.    Plaintiff suffered damages, measured by, at least, the difference between what Plaintiff would have earned as a Service Provider in the Relevant New York Market at reasonable prices, and Plaintiff's earnings, because there was a conspiracy between Tripadvisor and Viator to restrain trade.

213.    Plaintiff, pursuant to 15 U.S.C. § 15, is entitled to threefold damages sustained, and the costs of suit, including reasonable attorney's fees.

## TENTH CLAIM FOR RELIEF

## VIOLATIONS OF 15 U.S.C. § 1125(a) – THE LANHAM ACT –SAN FRANCISCO (AGAINST TRIPADVISOR)

214.    Plaintiff realleges and incorporates by reference every allegation set forth above.

215.    Plaintiff's San Francisco Service Mark is entitled to protection under the Lanham Act.

216.    Tripadvisor used Plaintiff's San Francisco Service Mark in commerce.

217.    Tripadvisor profited from click-through fees generated by Tripadvisor's use of Plaintiff's San Francisco Service Mark at the San Francisco Landing Website.

218.    Plaintiff did not consent directly or indirectly to Tripadvisor's use of Plaintiff's San Francisco Service Mark in any manner.

219.    Tripadvisor's unauthorized and willful use of Plaintiff's San Francisco Service Mark constituted a use in commerce that infringes Plaintiff's exclusive rights in Plaintiff's San Francisco Service Mark.

220.    Tripadvisor's unauthorized and willful use of Plaintiff's San Francisco Service Mark was likely to cause confusion, mistake or deception as to the source of the San Francisco Guided Tour Services offered by Tripadvisor.

221.    Tripadvisor's unauthorized and willful use of Plaintiff's San Francisco Service Mark constituted service mark infringement, unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a).

222.    Plaintiff has been injured in Plaintiff's business and property by reason of the foregoing Lanham Act violations in an amount to be determined at trial.

Gibson Lexburp LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

223.   Plaintiff is entitled to Tripadvisor's profits, any damages sustained by Plaintiff, and the costs of this action.

**ELEVENTH CLAIM FOR RELIEF**

**VIOLATIONS OF 15 U.S.C. § 1125(A)—THE LANHAM ACT—NAPA VALLEY (AGAINST TRIPADVISOR)**

224.   Plaintiff realleges and incorporates by reference every allegation set forth above.

225.   Plaintiff's Napa Valley Service Mark is entitled to protection under the Lanham Act.

226.   Tripadvisor used Plaintiff's Napa Valley Service Mark in commerce.

227.   Tripadvisor profited from click-through fees generated by Tripadvisor's use of Plaintiff's Napa Valley Service Mark at the Napa Valley Landing Website.

228.   Plaintiff did not consent directly or indirectly to Tripadvisor's use of Plaintiff's Napa Valley Service Mark in any manner.

229.   Tripadvisor's unauthorized and willful use of Plaintiff's Napa Valley Service Mark constituted a use in commerce that infringes Plaintiff's exclusive rights in Plaintiff's Napa Valley Service Mark.

230.   Tripadvisor's unauthorized and willful use of Plaintiff's Napa Valley Service Mark was likely to case confusion, mistake or deception as to the source of the San Francisco Guided Tour Services offered by Tripadvisor.

231.   Tripadvisor's unauthorized and willful use of Plaintiff's Napa Valley Service Mark constituted service mark infringement, unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a).

232.   Plaintiff has been injured in Plaintiff's business and property by reason of the foregoing Lanham Act violations in an amount to be determined at trial.

233.   Plaintiff is entitled to Tripadvisor's profits, any damages sustained by Plaintiff, and the costs of this action.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

**TWELFTH CLAIM FOR RELIEF**

**VIOLATIONS OF 15 U.S.C. § 1125(A) —THE LANHAM ACT—NEW YORK**

**(AGAINST TRIPADVISOR)**

234.     Plaintiff realleges and incorporates by reference every allegation set forth above.

235.     Plaintiff's New York Service Mark is entitled to protection under the Lanham Act.

236.     Tripadvisor used Plaintiff's New York Service Mark in commerce.

237.     Tripadvisor profited from click-through fees generated by Tripadvisor's use of Plaintiff's New York Service Mark at the New York Landing Website For Plaintiff.

238.     Plaintiff did not consent directly or indirectly to Tripadvisor's use of Plaintiff's New York Service Mark in any manner.

239.     Tripadvisor's unauthorized and willful use of Plaintiff's New York Service Mark constituted a use in commerce that infringed Plaintiff's exclusive rights in Plaintiff's New York Service Mark.

240.     Tripadvisor's unauthorized and willful use of Plaintiff's New York Service Mark was likely to cause confusion, mistake or deception as to the source of the New York Guided Tour Services offered by Tripadvisor.

241.     Tripadvisor's unauthorized and willful use of Plaintiff's New York Service Mark constituted service mark infringement, unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1114 and 1125(a).

242.     Plaintiff has been injured in its business and property by reason of the foregoing Lanham Act violations in an amount to be determined at trial.

243.     Plaintiff is entitled to Tripadvisor's profits, any damages sustained by Plaintiff, and the costs of this action.

# THIRTEENTH CLAIM FOR RELIEF

## VIOLATIONS OF 15 U.S.C. § 1125(A)—THE LANHAM ACT—TRADE DRESS – SAN FRANCISCO

## (AGAINST TRIPADVISOR)

244.   Plaintiff realleges and incorporates by reference every allegation set forth above.

245.   Plaintiff's San Francisco Trade Dress is entitled to protection under the Lanham Act.

246.   Tripadvisor used Plaintiff's San Francisco Trade Dress in commerce.

247.   Tripadvisor profited from click-through fees generated by Tripadvisor's use of Plaintiff's San Francisco Trade Dress at the San Francisco Landing Website.

248.   Plaintiff did not consent directly or indirectly to Tripadvisor's use of Plaintiff's San Francisco Trade Dress in any manner.

249.   Tripadvisor's unauthorized and willful use of Plaintiff's San Francisco Trade Dress constituted a use in commerce that infringed Plaintiff's exclusive rights in Plaintiff's San Francisco Trade Dress.

250.   Tripadvisor's unauthorized and willful use of Plaintiff's San Francisco Trade Dress was likely to cause confusion, mistake or deception as to the source of the San Francisco Guided Tour Services offered by Tripadvisor.

251.   Tripadvisor's unauthorized and willful use of Plaintiff's San Francisco Trade Dress constituted trade dress infringement, unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a).

252.   Plaintiff has been injured in Plaintiff's business and property by reason of the foregoing Lanham Act violations in an amount to be determined at trial.

253.   Plaintiff is entitled to Tripadvisor's profits, any damages sustained by Plaintiff, and the costs of this action.

Gibson Lexduty LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

1

2

3

4

5

6

7

8

9

10

11

12

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTEENTH CLAIM FOR RELIEF**

**VIOLATIONS OF 15 U.S.C. § 1125(A)—THE LANHAM ACT—TRADE DRESS – NAPA**

**VALLEY**

**(AGAINST TRIPADVISOR)**

254.    Plaintiff realleges and incorporates by reference every allegation set forth above.

255.    Plaintiff's Napa Valley Trade Dress is entitled to protection under the Lanham Act.

256.    Tripadvisor used Plaintiff's Napa Valley Trade Dress in commerce.

257.    Tripadvisor profited from click-through fees generated by Tripadvisor's use of Plaintiff's Napa Valley Trade Dress at the San Francisco Landing Website.

258.    Plaintiff did not consent directly or indirectly to Tripadvisor's use of Plaintiff's Napa Valley Trade Dress in any manner.

259.    Tripadvisor's unauthorized and willful use of Plaintiff's Napa Valley Trade Dress constituted a use in commerce that infringed Plaintiff's exclusive rights in Plaintiff's Napa Valley Trade Dress.

260.    Tripadvisor's unauthorized and willful use of Plaintiff's Napa Valley Trade Dress was likely to cause confusion, mistake or deception as to the source of the Napa Valley Guided Tour Services offered by Tripadvisor.

261.    Tripadvisor's unauthorized and willful use of Plaintiff's Napa Valley Trade Dress constituted trade dress infringement, unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a).

262.    Plaintiff has been injured in Plaintiff's business and property by reason of the foregoing Lanham Act violations in an amount to be determined at trial.

263.    Plaintiff is entitled to Tripadvisor's profits, any damages sustained by Plaintiff, and the costs of this action.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

**FIFTEENTH CLAIM FOR RELIEF**

**VIOLATIONS OF 15 U.S.C. § 1125(A)—THE LANHAM ACT—TRADE DRESS—NEW YORK**

**(AGAINST TRIPADVISOR)**

264.    Plaintiff realleges and incorporates by reference every allegation set forth above.

265.    Plaintiff's New York Trade Dress is entitled to protection under the Lanham Act.

266.    Tripadvisor used Plaintiff's New York Trade Dress in commerce.

267.    Tripadvisor profited from click-through fees generated by Tripadvisor's use of Plaintiff's New York Trade Dress at the New York Landing Website.

268.    Plaintiff did not consent directly or indirectly to Tripadvisor's use of Plaintiff's New York Trade Dress in any manner.

269.    Tripadvisor's unauthorized and willful use of Plaintiff's New York Trade Dress constituted a use in commerce that infringed Plaintiff's exclusive rights in Plaintiff's New York Trade Dress.

270.    Tripadvisor's unauthorized and willful use of Plaintiff's New York Trade Dress was likely to cause confusion, mistake or deception as to the source of the New York Guided Tour Services offered by Tripadvisor.

271.    Tripadvisor's unauthorized and willful use of Plaintiff's New York Trade Dress constituted trade dress infringement, unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a).

272.    Plaintiff has been injured in Plaintiff's business and property by reason of the foregoing Lanham Act violations in an amount to be determined at trial.

273.    Plaintiff is entitled to Tripadvisor's profits, any damages sustained by Plaintiff, and the costs of this action.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

**SIXTEENTH CLAIM FOR RELIEF**

**VIOLATIONS OF 15 U.S.C. § 1125(A)—THE LANHAM ACT—FALSE**

**ADVERTISING—SAN FRANCISCO**

**(AGAINST TRIPADVISOR)**

274.    Plaintiff realleges and incorporates by reference every allegation set forth above.

275.    Tripadvisor published a false statement of fact in a commercial advertisement about Tripadvisor's own or another's product: specifically, that Plaintiff's San Francisco Guided Tour Services were "unavailable" to purchase on the San Francisco Landing Website For Plaintiff (the "San Francisco False Statement").

276.    The San Francisco False Statement actually deceived, or had the tendency to deceive, a substantial segment of the San Francisco False Statement's audience into believing that Plaintiff was out of business at the time of Tripadvisor's publication of the San Francisco False Statement, or that Plaintiff's San Francisco Guided Tour Services were below Tripadvisor's standards or otherwise unavailable to customers.

277.    The San Francisco False Statement was material in that the San Francisco False Statement was likely to influence customers' purchasing decisions.

278.    Tripadvisor caused the San Francisco False Statement to enter interstate commerce.

279.    Plaintiff has been injured as a result of the San Francisco False Statement either by direct diversion of sales from Plaintiff or to Tripadvisor, or by a lessening of goodwill associated with Plaintiff's San Francisco Guided Tour Services.

280.    The San Francisco False Statement is literally false, either on the San Francisco False Statement's face or by necessary implication, or the San Francisco False Statement is literally true but likely to mislead or confuse consumers.

281.    Plaintiff is entitled to Tripadvisor's profits, any damages sustained by Plaintiff, and the costs of this action.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

### SEVENTEENTH CLAIM FOR RELIEF

### VIOLATIONS OF 15 U.S.C. § 1125(A)—THE LANHAM ACT—FALSE ADVERTISING—NAPA VALLEY

### (AGAINST TRIPADVISOR)

282.    Plaintiff realleges and incorporates by reference every allegation set forth above.

283.    Tripadvisor published a false statement of fact in a commercial advertisement about Tripadvisor's own or another's product: specifically, that Plaintiff's Napa Valley Guided Tour Services were "unavailable" to purchase on the Napa Valley Landing Website For Plaintiff (the "Napa Valley False Statement").

284.    The Napa Valley False Statement actually deceived, or had the tendency to deceive, a substantial segment of the Napa Valley False Statement's audience into believing that Plaintiff was out of business at the time of Tripadvisor's publication of the Napa Valley False Statement, or that Plaintiff's Napa Valley Guided Tour Services were below Tripadvisor's standards or otherwise unavailable to customers.

285.    The Napa Valley False Statement was material in that the Napa Valley False Statement was likely to influence customers' purchasing decisions.

286.    Tripadvisor caused the Napa Valley False Statement to enter interstate commerce.

287.    Plaintiff has been injured as a result of the Napa Valley False Statement either by direct diversion of sales from Plaintiff or to Tripadvisor, or by a lessening of goodwill associated with Plaintiff's Napa Valley Guided Tour Services.

288.    The Napa Valley False Statement is literally false, either on the Napa Valley False Statement's face or by necessary implication, or the Napa Valley False Statement is literally true but likely to mislead or confuse consumers.

289.    Plaintiff is entitled to Tripadvisor's profits, any damages sustained by Plaintiff, and the costs of this action.

**EIGHTEENTH CLAIM FOR RELIEF**

**VIOLATIONS OF 15 U.S.C. § 1125(A)—THE LANHAM ACT—FALSE**

**ADVERTISING—NEW YORK**

**(AGAINST TRIPADVISOR)**

290.    Plaintiff realleges and incorporates by reference every allegation set forth above.

291.    Tripadvisor published a false statement of fact in a commercial advertisement about Tripadvisor's own or another's product: specifically, that Plaintiff's New York Guided Tour Services were "unavailable" to purchase on the New York Landing Website For Plaintiff (the "New York False Statement").

292.    The New York False Statement actually deceived, or had the tendency to deceive, a substantial segment of the New York False Statement's audience into believing that Plaintiff was out of business at the time of Tripadvisor's publication of the New York False Statement, or that Plaintiff's New York Guided Tour Services were below Tripadvisor's standards or otherwise unavailable to customers.

293.    The New York False Statement was material in that the New York False Statement was likely to influence customers' purchasing decisions.

294.    Tripadvisor caused the New York False Statement to enter interstate commerce.

295.    Plaintiff has been injured as a result of the New York False Statement either by direct diversion of sales from Plaintiff or to Tripadvisor, or by a lessening of goodwill associated with Plaintiff's New York Guided Tour Services.

296.    The New York False Statement is literally false, either on the New York False Statement's face or by necessary implication, or the New York False Statement is literally true but likely to mislead or confuse consumers.

297.    Plaintiff is entitled to Tripadvisor's profits, any damages sustained by Plaintiff, and the costs of this action.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

1

## NINETEENTH CLAIM FOR RELIEF

2

## VIOLATIONS OF 15 U.S.C. § 1125(A)—THE LANHAM ACT—FALSE

3

## ADVERTISING—SAN FRANCISCO

4

## (AGAINST BOTH DEFENDANTS)

5        298.    Plaintiff realleges and incorporates by reference every allegation set forth above.

6        299.    Defendants have made false statements in a commercial advertisement about

7    Defendants' product: specifically, the advertisement of certain Service Providers (the "San

8    Francisco Illegal Operators") in the Relevant San Francisco Market as being qualified to act as

9    Service Providers in the Relevant San Francisco Market despite the San Francisco Illegal

10   Operators' failure to have obtained registration through the California Public Utilities

11   Commission and/or without appropriate state and local permits and licenses (the "San Francisco

12   Illegal Operator False Statement").

13       300.    The San Francisco Illegal Operator False Statement actually deceived, or has the

14   tendency to deceive, a substantial segment of its audience into believing that the San Francisco

15   Illegal Operators were registered through the California Public Utilities Commission and/or

16   operating with appropriate state and local permits and licenses.

17       301.    The San Francisco Illegal Operator False Statement was material, in that

18   customers' purchasing decisions are likely to be influenced by those consumers' beliefs that the

19   San Francisco Illegal Operators were operating in the Relevant San Francisco Market with

20   registration through the California Public Utilities Commission and/or with appropriate state and

21   local permits and licenses.

22       302.    Defendants caused the San Francisco Illegal Operator False Statement to enter

23   interstate commerce.

24       303.    Plaintiff has been injured as a result of the San Francisco Illegal Operator False

25   Statement either by direct diversion of sales from Plaintiff or to Defendants, or by a lessening of

26   goodwill associated with Plaintiff's San Francisco Guided Tour Services.

27       304.    The San Francisco Illegal Operator False Statement is literally false, either

28   facially or by necessary implication, or the San Francisco Illegal Operator False Statement is

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

1    literally true but likely to mislead or confuse consumers.

2        305.    Plaintiff is entitled to Defendants' profits, any damages sustained by Plaintiff, and

3    the costs of this action.

4                            **TWENTIETH CLAIM FOR RELIEF**

5        **VIOLATIONS OF 15 U.S.C. § 1125(A)—THE LANHAM ACT—FALSE**

6                            **ADVERTISING—NAPA VALLEY**

7                            **(AGAINST BOTH DEFENDANTS)**

8        306.    Plaintiff realleges and incorporates by reference every allegation set forth above.

9        307.    Defendants have made false statements in a commercial advertisement about

10   Defendants' product: specifically, the advertisement of certain Service Providers (the "Napa

11   Valley Illegal Operators") in the Relevant Napa Valley Market as being qualified to act as

12   Service Providers in the Relevant Napa Valley Market, despite the San Francisco Illegal

13   Operators' failure to have obtained registration through the California Public Utilities

14   Commission and/or without appropriate state and local permits and licenses (the "Napa Valley

15   Illegal Operator False Statement").

16       308.    The Napa Valley Illegal Operator False Statement actually deceived, or has the

17   tendency to deceive, a substantial segment of its audience into believing that the Napa Valley

18   Illegal Operators were registered through the California Public Utilities Commission and/or

19   operating with appropriate state and local permits and licenses.

20       309.    The Napa Valley Illegal Operator False Statement was material, in that

21   customers' purchasing decisions are likely to be influenced by those consumers' beliefs that the

22   Napa Valley Illegal Operators were operating in the Relevant Napa Valley Market with

23   registration through the California Public Utilities Commission and/or with appropriate state and

24   local permits and licenses.

25       310.    Defendants caused the Napa Valley Illegal Operator False Statement to enter

26   interstate commerce.

27       311.    Plaintiff has been injured as a result of the Napa Valley Illegal Operator False

28   Statement either by direct diversion of sales from Plaintiff or to Defendants, or by a lessening of

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

goodwill associated with Plaintiff's Napa Valley Guided Tour Services.

312.    The Napa Valley Illegal Operator False Statement is literally false, either facially or by necessary implication, or the Napa Valley Illegal Operator False Statement is literally true but likely to mislead or confuse consumers.

313.    Plaintiff is entitled to Defendants' profits, any damages sustained by Plaintiff, and the costs of this action.

**TWENTY-FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF 15 U.S.C. § 1125(A)—THE LANHAM ACT—FALSE**

**ADVERTISING—NEW YORK**

**(AGAINST BOTH DEFENDANTS)**

314.    Plaintiff realleges and incorporates by reference every allegation set forth above.

315.    Defendants have made false statements in a commercial advertisement about Defendants' product: specifically, the advertisement of certain Service Providers (such Service Providers, the "New York Illegal Operators") in the Relevant New York Market as being qualified to act as Service Providers in the Relevant New York Market without the New York Illegal Operators' registration through the New York City Taxi and Limousine Commission and/or without appropriate state and local permits and licenses (the "New York Illegal Operator False Statement").

316.    The New York Illegal Operator False Statement actually deceived, or has the tendency to deceive, a substantial segment of its audience into believing that the New York Illegal Operators were registered through the New York City Taxi and Limousine Commission and/or operating with appropriate state and local permits and licenses.

317.    The New York Illegal Operator False Statement was material, in that customers' purchasing decisions are likely to be influenced by those consumers' beliefs that the New York Illegal Operators were operating in the Relevant New York Market with registration through the New York City Taxi and Limousine Commission and/or with appropriate state and local permits and licenses.

318.    Defendants caused the New York Illegal Operator False Statement to enter

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

interstate commerce.

319.   Plaintiff has been injured as a result of the New York Illegal Operator False Statement either by direct diversion of sales from Plaintiff or to Defendants, or by a lessening of goodwill associated with Plaintiff's New York Guided Tour Services.

320.   The New York Illegal Operator False Statement is literally false, either facially or by necessary implication, or the New York Illegal Operator False Statement is literally true but likely to mislead or confuse consumers.

321.   Plaintiff is entitled to Defendants' profits, any damages sustained by Plaintiff, and the costs of this action.

## TWENTY-SECOND CLAIM FOR RELIEF

## CALIFORNIA COMMON-LAW SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN—SAN FRANCISCO (AGAINST TRIPADVISOR)

322.   Plaintiff realleges and incorporates by reference every allegation set forth above.

323.   Plaintiff owns protected and protectable common-law rights in Plaintiff's San Francisco Service Mark.

324.   Tripadvisor has used, without Plaintiff's consent, Plaintiff's San Francisco Service Mark in commerce and in conjunction with Tripadvisor's business operations.

325.   Tripadvisor's unlawful and willful conduct is likely to create confusion concerning the origin of the San Francisco Guided Tour Services advertised by Tripadvisor, and violates Plaintiff's service mark rights at common law.

326.   Tripadvisor's common-law service mark infringement has directly and proximately caused and continue to cause injury and damage to Plaintiff by, among other things, causing Plaintiff to lose control of Plaintiff's business reputation, causing confusion, diverting customers, diverting sales and otherwise causing significant commercial loss.

327.   As a result of Tripadvisor's activities, Plaintiff has suffered, and will continue to suffer, irreparable harm for which Plaintiff has no adequate remedy at law.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

328.     Tripadvisor's violations of law have damaged Plaintiff in an amount to be determined at trial.

## TWENTY-THIRD CLAIM FOR RELIEF

## CALIFORNIA COMMON LAW SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN—NAPA VALLEY (AGAINST TRIPADVISOR)

329.     Plaintiff realleges and incorporates by reference every allegation set forth above.

330.     Plaintiff owns protected and protectable common law rights in Plaintiff's Napa Valley Service Mark.

331.     Tripadvisor has used, without Plaintiff's consent, Plaintiff's Napa Valley Service Mark in commerce and in conjunction with Tripadvisor's business operations.

332.     Tripadvisor's unlawful and willful conduct is likely to create confusion concerning the origin of the Napa Valley Guided Tour Services advertised, and violates Plaintiff's service mark rights at common law.

333.     Tripadvisor's common-law service mark violations have directly and proximately caused and continue to cause injury and damage to Plaintiff by, among other things, causing Plaintiff to lose control of Plaintiff's business reputation, causing confusion, diverting customers, diverting sales and otherwise causing significant commercial loss.

334.     As a result of Tripadvisor's activities, Plaintiff has suffered, and will continue to suffer, irreparable harm for which Plaintiff has no adequate remedy at law.

335.     Tripadvisor's violations of law have damaged Plaintiff in an amount to be determined at trial.

## TWENTY-FOURTH CLAIM FOR RELIEF

## NEW YORK COMMON LAW SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN—NEW YORK (AGAINST TRIPADVISOR)

336.     Plaintiff realleges and incorporates by reference every allegation set forth above.

337.     Plaintiff owned protected and protectable common law rights in Plaintiff's New

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

York Service Mark.

338.    Tripadvisor used, without Plaintiff's consent, Plaintiff's New York Service Mark in commerce and in conjunction with Tripadvisor's business operations.

339.    Tripadvisor's unlawful and willful conduct was likely to create confusion concerning the origin of the New York Guided Tour Services advertised, and constituted service mark infringement in violation of Plaintiff's service mark rights at common law.

340.    Tripadvisor's common law service mark violations directly and proximately caused injury and damage to Plaintiff by, among other things, causing Plaintiff to lose control of Plaintiff's business reputation, causing confusion, diverting customers, diverting sales and otherwise causing significant commercial loss.

341.    Tripadvisor's violations of law damaged Plaintiff in an amount to be determined at trial.

## TWENTY-FIFTH CLAIM FOR RELIEF

## INTERFERENCE WITH CONTRACTUAL AND PROSPECTIVE CONTRACTUAL RELATIONS UNDER CALIFORNIA COMMON LAW (SAN FRANCISCO) (AGAINST TRIPADVISOR)

342.    Plaintiff realleges and incorporates by reference every allegation set forth above.

343.    Plaintiff derives, and at all relevant times derived, revenue from the online sales of Plaintiff's San Francisco Guided Tour Services to prospective customers of same ("San Francisco Prospective Customers").

344.    Plaintiff has contractual and prospective contractual relationships with San Francisco Prospective Customers.

345.    Tripadvisor had knowledge of Plaintiff's relationships with San Francisco Prospective Customers.

346.    Tripadvisor acted intentionally to disrupt Plaintiff's relationships with San Francisco Prospective Customers.

347.    There is actual disruption of Plaintiff's relationships with San Francisco Prospective Customers.

Gibson Lexdury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

43

348.    Plaintiff has sustained economic harm as a result of the actual disruption by Tripadvisor of Plaintiff's relationships with San Francisco Prospective Customers.

**TWENTY-SIXTH CLAIM FOR RELIEF**

**INTERFERENCE WITH CONTRACTUAL AND PROSPECTIVE CONTRACTUAL RELATIONS UNDER CALIFORNIA COMMON LAW (NAPA VALLEY) (AGAINST TRIPADVISOR)**

349.    Plaintiff realleges and incorporates by reference every allegation set forth above.

350.    Plaintiff derives, and at all relevant times derived, revenue from the online sales of Plaintiff's Napa Valley Guided Tour Services to prospective customers of same ("San Francisco Prospective Customers").

351.    Plaintiff has contractual and prospective contractual relationships with Napa Valley Prospective Customers.

352.    Tripadvisor had knowledge of Plaintiff's relationships with Napa Valley Prospective Customers.

353.    Tripadvisor acted intentionally to disrupt Plaintiff's relationships with Napa Valley Prospective Customers.

354.    There is actual disruption of Plaintiff's relationships with Napa Valley Prospective Customers.

355.    Plaintiff has sustained economic harm as a result of the actual disruption by Tripadvisor of Plaintiff's relationships with Napa Valley Prospective Customers.

**TWENTY-SEVENTH CLAIM FOR RELIEF**

**INTERFERENCE WITH CONTRACTUAL AND PROSPECTIVE CONTRACTUAL RELATIONS UNDER NEW YORK COMMON LAW (AGAINST TRIPADVISOR)**

356.    Plaintiff realleges and incorporates by reference every allegation set forth above.

357.    Plaintiff derived revenue from the online sales of Plaintiff's New York Guided Tour Services to prospective customers of same (the "New York Prospective Customers").

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

44

358.   Plaintiff had contractual and prospective contractual relationships with New York Prospective Customers.

359.   Tripadvisor's conduct tortuously interfered with Plaintiff's contractual and prospective contractual relationships with New York Prospective Customers and was wrongful, intentional and criminal, as described above.

360.   There was no privilege or justification for Tripadvisor's conduct.

361.   Plaintiff was injured by Tripadvisor's actions, in an amount to be proven at trial.

## TWENTY-EIGHTH CLAIM FOR RELIEF

## MISAPPROPRIATION OF COMMERCIAL PROPERTIES UNDER CALIFORNIA COMMON LAW—SAN FRANCISCO COMMERCIAL PROPERTY (AGAINST TRIPADVISOR)

362.   Plaintiff realleges and incorporates by reference every allegation set forth above.

363.   Plaintiff invested substantial time, skill, and money in developing Plaintiff's San Francisco Commercial Property.

364.   Plaintiff's San Francisco Commercial Property is licensable for value.

365.   Tripadvisor appropriates and uses Plaintiff's San Francisco Commercial Property at little or no cost to Tripadvisor.

366.   Tripadvisor's appropriation and use of Plaintiff's San Francisco Commercial Property is without Plaintiff's authorization or consent, including by way of any express or implied license to Tripadvisor by Plaintiff.

367.   Plaintiff has been damaged by Tripadvisor's misappropriation and use of Plaintiff's San Francisco Commercial Property.

## TWENTY-NINTH CLAIM FOR RELIEF

## MISAPPROPRIATION OF COMMERCIAL PROPERTIES UNDER CALIFORNIA COMMON LAW—NAPA VALLEY COMMERCIAL PROPERTY (AGAINST TRIPADVISOR)

368.   Plaintiff realleges and incorporates by reference every allegation set forth above.

369.   Plaintiff invested substantial time, skill, and money in developing Plaintiff's Napa

Valley Commercial Property.

370.    Plaintiff's Napa Valley Commercial Property is licensable for value.

371.    Tripadvisor appropriates and uses Plaintiff's Napa Valley Commercial Property at little or no cost to Tripadvisor.

372.    Tripadvisor's appropriation and use of Plaintiff's Napa Valley Commercial Property is without Plaintiff's authorization or consent, including by way of any express or implied license to Tripadvisor by Plaintiff.

373.    Plaintiff has been damaged by Tripadvisor's misappropriation and use of Plaintiff's Napa Valley Commercial Property.

## **PRAYER FOR RELIEF**

Plaintiff asks for an order and judgment against Defendants:

1.    Awarding Plaintiff threefold damages, costs of suit, and attorney's fees for Defendants' violations of 15 U.S.C. § 2;

2.    Awarding Plaintiff threefold damages, costs of suit, and attorney's fees for Defendants' violations of 15 U.S.C. § 1;

3.    Awarding Plaintiff Defendants' profits, Plaintiff's damages, and the costs of this action with respect to Defendants' violations of the Lanham Act, as provided by 15 U.S.C. § 1117(a);

4.    Awarding Plaintiff damages for Defendants' violation of Plaintiff's common law rights concerning the San Francisco Service Mark, Napa Valley Service Mark, and New York Service Mark;

5.      Awarding Plaintiff damages for Defendants' misappropriation of Plaintiff's San Francisco Commercial Properties and Napa Valley Commercial Properties;

6.      Awarding Plaintiff damages for Defendants' interference with Plaintiff's contractual relationships; and

7.      Granting such other relief as this Court deems just and equitable.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all claims so triable.

Respectfully submitted this 18th day of November, 2020.

Gibson Lexbury LLP

By   /s/ J.D. Lowry.
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@gibsonlexbury.com
JODI DONETTA LOWRY, ESQ.
Nevada Bar No. 7798
jlowry@gibsonlexbury.com
THOMAS A. LARMORE, ESQ.
Nevada Bar No. 7415
tlarmore@gibsonlexbury.com
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 541-7888 Telephone
(702) 541-7899 Facsimile
*Attorneys for Plaintiff*

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899